PER CURIAM.
The plaintiff, Barry Allen Brilliant, a property owner, appeals a final summary judgment entered in favor of the defendant, Arthur J. Miller, arising out of a suit for damages caused by flooding on plaintiff’s property.
Miller is the president of Avart, Inc., an engineering firm which received an assignment of a contract with the State of Florida Department of Transportation (DOT). Pursuant to the contract, Avart, Inc. was to provide certain specified engineering services related to the reconstruction of a bridge located adjacent to and bordering the backside of Brilliant’s property. Avart, Inc. received the assignment near the conclusion of the construction project, after most of the engineering work was completed. Neither Avart, Inc. nor Miller contracted to perform any work relating to the bridge’s drainage system.
During construction, an engineer at Post Buckley Shuh & Jernigan, Inc. (Post Buckley), the engineering firm hired by the DOT to supervise construction, noticed Brilliant’s property flooding, and consulted with Miller as to the cause. In a letter to Post Buckley, Miller concluded that the flooding was a preexisting condition at the property caused by lunar tides rather than by the bridge construction.
Brilliant filed a negligence suit against Miller and others, alleging that Miller, as president of Avart, Inc., “entered into a contract for engineering consulting services with the DOT and was consulted by POST BUCKLEY with respect to drainage problems at the Property.” Miller moved for summary judgment. At the hearing on the motion, Brilliant argued that he was the intended third-party beneficiary of the contract entered into between Miller and Post Buckley to determine the cause of the flooding on his property, and that Miller’s duty to him stemmed from Miller’s negligent performance of that contract. The trial court granted the summary judgment.
Our review of the record has uncovered no facts which show either Miller, individu *1362 ally, or Avart, Inc., had entered into a contract with Post Buckley. See generally, Greater New York Corp. v. Cenvill Miami Beach Corp., 620 So.2d 1068 (Fla. 3d DCA 1993) (a meeting of the minds on all essential elements is a prerequisite to an enforceable contract). The letter written by Miller to Post Buckley was not the result of a contract. It was merely Miller’s opinion as to the cause of the flooding on the property. Since no contract existed, there can be no breach for which a third party right to sue for damages may arise. Accordingly, the summary judgment in Miller’s favor is affirmed.